**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MARIA MORALES,**

**Plaintiff,**                                                                 **No.** _____

**-against-**                                                                  **COMPLAINT**

**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC, and FORSTER & GARBUS, LLP,**

        **Defendants.**

## I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendants Portfolio Recovery Associates, LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Portfolio Recovery Associates, LLC and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff Maria Morales to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff Maria Morales ("Morales") is a natural person residing in the

County of Monroe at 118 Eiffel Place, Rochester, New York 14621.

4. Upon information and belief, Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6. Portfolio is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7. Forster & Garbus is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Morales qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.    FACTUAL ALLEGATIONS

9. On March 28, 2015, Portfolio by its attorneys, Forster & Garbus, served a collection action against Morales entitled *Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank v. Maria Morales*, Rochester City Court, Rochester, New York, Index No. CV-2150-15/RO.

10. The complaint in the collection action alleged a single cause of action in which Portfolio alleged that it purchased a credit card account from GE Capital Retail Bank on which Morales was liable for $878.03.

11. Portfolio further alleged in the collection complaint to have obtained the credit card account originally owned by GE Capital Retail Bank on which it brought a lawsuit against Morales, after the credit card account was already in default.

12. Morales retained an attorney, David M. Kaplan, to defend her in the collection action, and incurred liability for attorney fees. On or about April 21, 2015, Morales interposed a Revised Amended Answer in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing. On the same date, Morales also served discovery requests consisting of Interrogatories and a Notice of Discovery and Inspection. In the discovery requests, Morales requested proof of Portfolio's claims.

13. On December 7, 2015, Morales filed a Note of Issue. Because the amount in controversy was less than $6,000.00, the matter was noticed for mandatory arbitration pursuant to 22 NYCRR Part 28. On February 8, 2016, arbitration was conducted by Arbitrator Barbara J. Orenstein, Esq. Morales's attorney appeared at the arbitration on

behalf of Morales.  Portfolio appeared at the arbitration by local counsel for Forster & Garbus.  Portfolio had no witnesses, and was unable to proffer any evidence.  The arbitrator awarded a decision in favor of Morales against Portfolio for no cause of action.

14.   Prior to the arbitration, Portfolio and Forster & Garbus failed to serve any responses to Morales's discovery requests.

15.   The caption in the Rochester City Court collection claim against Morales designated the plaintiff as *Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank*.  The term "A/P/O" is short for "as purchaser of."  Therefore the caption on the summons as well as on the complaint in the collection claim set forth a plaintiff called "Portfolio LLC as purchaser of GE Capital Retail Bank."

16.   Portfolio never purchased GE Capital Retail Bank.

17.   The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing.  Such a plaintiff does not actually exist.

18.   An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Portfolio Recovery Associates, LLC; GE Capital Retail Bank; Portfolio Recovery Associates, LLC as the purchaser of GE Capital Retail Bank; or otherwise.  The consumer could easily be deceived into believing that the original creditor was bringing the collection claim rather than a debt buyer in its own name, or that Portfolio Recovery Associates, LLC was authorized as the purchaser of GE Capital Retail Bank to bring the collection claim without any transfer of the disputed account to Portfolio.  Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption.

19. In her interrogatories and request for production to Portfolio in the Rochester City Court action, Morales requested, among other things, documents that showed valid assignments from the alleged original creditor to Portfolio, notice of assignments, statements of account, and documentation of an agreement between the original creditor and Morales. In addition, Morales propounded interrogatories regarding the same issues. However, Portfolio failed and refused to respond to such discovery requests and failed and refused to provide documentation showing any assignment or assignments from the alleged original creditor to Portfolio.

20. Upon information and belief, Portfolio was incapable, and continues to be incapable, of proving with evidence admissible in Rochester City Court that it owned any account on which Morales was originally liable to GE Capital Retail Bank by acquiring such an account through one or multiple assignments from GE Capital Retail Bank; is incapable of proving an agreement between Morales and the original creditor, cannot prove a notice of any assignment, and cannot show an account stated.

21. Portfolio and Forster & Garbus represented directly and/or indirectly, and expressly and/or by implication, that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested.

22. In fact, Portfolio and Forster & Garbus had no intent to prove the claims set forth in its Rochester City Court complaint if such claims were contested, as they were by Morales. As stated above, Portfolio and Forster & Garbus failed to respond to discovery requests made by Morales seeking proof of Portfolio's claims to own the debt as well as other proof, and although local counsel appeared for Forster & Garbus at the arbitration, no witnesses were produced at the arbitration and there was no basis to admit into

evidence any proof of Portfolio's claims.

23. Morales is liable for attorney fees in the amount of $500.00 for the defense of the Rochester City Court action, as well as $40.00 in court costs.

## V.  FIRST CLAIM FOR RELIEF

24. Morales repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

25. Portfolio violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Portfolio misrepresented in the collection complaint that it owned, through assignment from GE Capital Retail Bank, a credit card debt on which Morales was liable, when in fact it could not show then or at any time that it was the owner of any such debt, or was ever assigned such debt.

26. Portfolio and Forster & Garbus violated 15 U.S.C. § 1692e by designating the plaintiff in the caption of the collection claim as Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank, which deceptively and misleadingly represented that Portfolio purchased GE Capital Retail Bank, and was suing in the capacity of a purchaser of GE Capital Retail Bank when in fact it was not.  In addition, a consumer could easily be confused by such a designation, and would not know if the plaintiff was Portfolio Recovery Associates, LLC; GE Capital Retail Bank; Portfolio Recovery Associates, LLC as the purchaser of GE Capital Retail Bank; or otherwise.

27. Portfolio violated Section 1692e(2)(A) of the FDCPA by falsely representing

6

<mark/><mark/><mark/><mark/><mark/>
<mark/>
<mark/>
<mark/>
<mark/>
<mark/>
<mark/>
<mark/>

in its collection complaint against Morales the character, amount and legal status of the alleged debt. Portfolio falsely represented in the collection complaint that it owned the alleged debt in the amount stated. In fact, Portfolio had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt, or claim that Morales owed it any amount. Portfolio's claim to own the debt also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

28.  Portfolio violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Portfolio violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Morales in the collection complaint. Portfolio also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Portfolio to collect any amount from Morales with regard to any GE Capital Retail Bank credit card account.

29.  Portfolio and Forster & Garbus also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt

buyer. Portfolio's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

30. Portfolio and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

31. Portfolio and Forster & Garbus violated Sections 1692e, 1692e(2)(A), 1692e(5) and 1692e(1) of the FDCPA based on their false and misleading representations that they intended to prove the claims set forth in the Rochester City Court complaint if such claims were contested, when in fact they did not intend to prove such claims if they were contested.

32. As a result of the above violations of the FDCPA, Portfolio and Forster & Garbus are liable to Morales for actual damages for the cost of attorney fees and court costs in defending the lawsuit in Rochester City Court in the amount of $540.00, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages in the amount of $540.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as may be just and proper.

## *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 28, 2016

                                            Respectfully submitted,

                                            s/David M. Kaplan
                                            David M. Kaplan
                                            Attorney for Plaintiff
                                            2129 Five Mile Line Road
                                            Penfield, NY 14526
                                            585-330-2222
                                            dmkaplan@rochester.rr.com